**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUSAN MILEWSKI and <br> SCOTT DOLEMBA, <br> on behalf of plaintiffs and a class, <br><br> Plaintiff, <br><br> vs. <br><br> YOUR MARKETING SOURCE, INC. <br> doing business as <br> INTERNET LOCAL LISTINGS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs Susan Milewski and Scott Dolemba bring this action to secure redress for the placement of illegal telemarketing calls to their cell phones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") and state law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), and 28 U.S.C. §1367.

3. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendant:

   a. Has committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Has transacted or done business in Illinois.

4. Venue in this District is proper for the same reason.

## PARTIES

5. Plaintiff Susan Milewski is a resident of the Northern District of Illinois.

6. Plaintiff Scott Dolemba is a resident of the Northern District of Illinois.

7. Defendant Your Marketing Source, Inc. d/b/a Internet Local Listings, Inc. is a California corporation. Its principal offices are at 1442 E. Lincoln Ave., Orange, CA 92865.

## FACTS

8. On October 15, 2015, Milewski received a telephone call from 312-878-9356 on her cell phone.

9. On December 26, 2013, Dolemba received a telephone call from 720-608-3740 on his cell phone. This is his only telephone.

10. On January 3, 2014, Dolemba received a second telephone call from 312-757-6017 on his cell phone.

11. On January 10, 2014, Dolemba received a third telephone call from 720-608-3740 on his cell phone.

12. On January 14, 2014, Dolemba received a fourth telephone call from 540-218-1040 on his cell phone.

13. Plaintiffs received numerous additional calls made by or on behalf of defendant.

14. On information and belief, the calls were initiated by an automatic telephone dialing system.

15. The calls played a prerecorded voice inviting the recipient to press one in order to speak with a "Google Specialist."

16. Upon pressing "1," callers are connected with a representative of Internet Local Listings, Inc.

17. All of the calls were marketing calls.

2

18. The numbers 312-878-9356; 720-608-3740; 312-757-6017; and 540-218-1040 are used by Your Marketing Source, Inc. d/b/a Internet Local Listings, Inc.

19. Plaintiffs had no relationship with defendant and had not consented to the calls.

20. Defendant either negligently or wilfully violated the rights of plaintiffs and other recipients in placing the calls.

21. Plaintiffs suffered damages as a result of receipt of the calls. Furthermore, plaintiffs' statutory right of privacy was invaded.

22. Plaintiffs are entitled to statutory damages.

23. Defendant violated the TCPA even if its actions were only negligent.

24. Defendant should be enjoined from committing similar violations in the future.

## **COUNT I – TCPA**

25. Plaintiffs incorporate paragraphs 1-24.

26. The TCPA provides, at 47 U.S.C. §227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– . . .**
>
>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;**

27. Plaintiffs had not consented to defendant's communications.

28. The TCPA provides, 47 U.S.C. §227(b)(3) provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

29. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class, consisting of (a) all persons (b) who, between a date four years prior to the filing of this action and 21 days after the filing of this action, (c) received a call on a cell phone (d) which call used an automatic telephone dialing system or a prerecorded or artificial voice (e) and was placed by or on behalf of defendant.

30. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

31. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of initiating or causing to be initiated telemarketing calls using a predictive dialer;

    b. Whether defendant engaged in a pattern of making or causing to be made telemarketing calls using a prerecorded or artificial voice;

   c.  The manner in which defendant compiled or obtained its list of telephone numbers;

   d.  Whether defendant obtained the consent of the called parties;

   e.  Whether defendant thereby violated the TCPA.

 32. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

 33. Plaintiffs claims are typical of the claims of the class members. All are based on the same factual and legal theories.

 34. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

 35. Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894

(N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

36. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendant for:

  a. Statutory damages;

  b. An injunction against the further transmission of unsolicited fax advertising;

  c. Costs of suit;

      d.      Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

37. Plaintiffs incorporate paragraphs 1-24.

38. Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making unauthorized robocalls to cell phones.

39. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

40. Plaintiffs suffered damages as a result of receipt of the call.

41. Defendant engaged in such conduct in the course of trade and commerce.

42. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

43. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with Illinois numbers (b) who, between a date three years prior to the filing of this action and 21 days after the filing of this action, (c) received a call on a cell phone, (d) which call used an automatic telephone dialing system or a prerecorded or artificial voice (e) and was placed by or on behalf of defendant.

44. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

45. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.      Whether defendant engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;

      b.      The manner in which defendant compiled or obtained its list of telephone numbers;

      c.      Whether defendant thereby violated the TCPA.

46.      Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs counsel have any interests which might cause them not to vigorously pursue this action.

47.      Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

48.      A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

49.      Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendant for:

      a.      Compensatory and punitive damages;

      b.      An injunction against further violations;

      c.      Attorney's fee, litigation expenses and costs of suit;

      d.      Such other or further relief as the Court deems just and proper.

                                  /s/ Daniel A. Edelman

Daniel A. Edelman
Dulijaza Clark
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200 // (312) 419-0379 (FAX)

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of his knowledge and belief.

*/s/ Scott Dolemba*
Scott Dolemba

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

*[signature]*
Susan Milewski

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)